UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW MALIK PRINGLE, <br> Plaintiff, <br> v. <br> DINA JOSE, et al., <br> Defendants. | Case No. 21-cv-01348-WHO <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Mathew M. Pringle's 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **July 7, 2021**. His action cannot proceed as currently constituted: Pringle has failed to identify a proper defendant and has failed to allege the facts necessary to support his claims.

Failure to file a proper amended complaint by the deadline, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

### I. LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

*See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIMS

Pringle alleges that he injured his ankle, knee, and back when he "tripped and fell over a door stop that [was] unsafety placed in the walkway." (Dkt. No. 1 ("Complaint") at 2.) He alleges that he was subsequently "placed in a medical cell" which lacked both raised furniture and any furniture that could help an injured person get off the floor. (*Id*. at 3.) He alleges that he was "prescribed only Tylenol" for his pain, and that this was insufficient to treat his pain. (*Id*.) Finally, he alleges that post-injury, he was denied a lower bunk chrono. (*See id*.)

Pringle's allegations are sufficient to implicate the Eighth Amendment. However, the Complaint must be dismissed with leave to amend because Pringle has not identified any proper defendant.

### A. More facts are needed regarding one of the Eighth Amendment claims.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*,

2

509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834, and (2) the prison official possesses a sufficiently culpable state of mind, *id*. The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." *Id.* at 834.

Pringle fails to state an Eighth Amendment claim with respect to his trip and fall, because he fails to allege that any prison official acted with the required mental state. Although Pringle alleges that the doorstop was "improperly" placed in a walkway, he does not state that this was done with deliberate indifference. If Pringle chooses to amend, he must provide facts to suggest that a prison official placed the doorstop in the walkway with "deliberate indifference" to inmate safety.

Pringle's allegations that he was denied appropriate pain medication, placed in an improper cell given his injuries, and denied a lower bunk chrono are sufficient to state an Eighth Amendment claim. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012) (prisoner stated Eighth Amendment claim where he had mobility limitations but was denied a bottom bunk and ground floor cell); *see also Looman v. Wick*, 329 F. App'x 729, 730 (9th Cir. 2009) (prisoner stated a deliberate indifference claim where he alleged "that he was deprived of his pain medication for up to eight hours"). However, as explained below, Pringle must identify the officials responsible for these deprivations.

**B.     Pringle must name proper defendants.**

Pringle names four defendants: Dina Jose, Director of the Napa County Department of Corrections; Lt. Fernandez, an administrator in the Napa County Department of Corrections; the Napa County Department of Corrections; and the "owners" of the Napa

3

County Department of Corrections.  (*See* Dkt. No. 1 ("Complaint").)  Pringle does not explain how any of these four defendants are responsible for his injuries.

Pringle does not state that Director Jose or Lt. Fernandez personally deprived him of his rights, that they directed the deprivation, or that they knew the deprivation occurred.  (*See generally*, Compl.)  To state a claim against a particular defendant for a violation of his civil rights, Pringle must allege that the defendant was personally involved in the alleged wrongs.  To do so, he must show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corr. & Rehab.*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Either personal involvement or integral participation in the alleged constitutional violation is required before liability may be imposed.  *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009); *accord Jones v. Williams,* 297 F.3d 930, 936 (9th Cir. 2002).  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Pringle cannot sue Director Jose or Lt. Fernandez purely as supervisors because "[i]n a § 1983 suit . . . masters do not answer for the torts of their servants," so "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983.").

Accordingly, Pringle's claims against Director Jose and Lt. Fernandez are dismissed with leave to amend.  If Pringle chooses to amend, he must either (1) allege facts to show that Director Jose and Lt. Fernandez were personally involved in the deprivation of Pringle's rights, or (2) name defendants who were personally involved in the deprivations.

As to the Napa County Department of Corrections, Pringle can only state a claim if his injuries were caused pursuant to an official policy or custom.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Pringle does not identify any policy that led to his injuries.  (*See generally*, Compl.)  Accordingly, this defendant is dismissed with leave

4

1  to amend. If Pringle chooses to name Napa County Department of Corrections in any
2  amended complaint, he must show: "(1) that he possessed a constitutional right of which
3  he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts
4  to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is
5  the moving force behind the constitutional violation." *Oviatt By and Through Waugh v.*
6  *Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

To the extent Pringle sues the "owners" of the Napa County Department of Corrections, this defendant is dismissed without leave to amend. The Napa County Department of Corrections is a public entity and has no owners.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **July 7, 2021.** The amended complaint must include the caption and civil case number used in this order (21-1348 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** May 7, 2021

_____
WILLIAM H. ORRICK
United States District Judge